[Civ. No. 1470.    First Appellate District.—April 19, 1915.]

D. H. AND M. A. EDWARDS CO., Respondent, v. W. P. BARRY et al., Defendants; UNITED SURETY COMPANY, Appellant.

BUILDING CONTRACTS—ABANDONMENT BY CONTRACTOR—COMPLETION BY OWNER—LIABILITY OF SURETY.—Where the contractor in a building contract, after he had partly constructed the building and received certain payments, abandoned the work, whereupon the surety upon his bond agreed with the owner that the latter might complete the building and expend therefor such reasonable sums as were necessary according to the plans and specifications up to a certain amount, and agreed to co-operate in the settlement of all claims for labor and material, which claims were to be approved by the owner and the surety, and thereafter, when the owner notified the surety that he was ready to adjust the claims and requested its co-operation, the latter refused and instructed the owner to take any action that he might deem proper, the owner was not compelled to show that the claims which he compromised and settled had been litigated to judgment in order to hold the surety, where the bond only required as a condition of the obligor's liability that the liens, "by the stat-

ute of the state where the contract is to be performed, are valid liens"; and the agreement that the owner might settle "all claims for labor or materials now filed or hereafter to be filed," authorized him to adjust all legal claims against the property, whether or not they had ripened into actual liens.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Henry C. Gesford, Judge presiding.

The facts are stated in the opinion of the court.

Henry A. Jacobs, and James M. Oliver, for Appellant.

Marshall Nuckolls, for Respondent.

RICHARDS, J.—This is an appeal from a judgment in favor of the plaintiff and against the defendant and appellant United Surety Company, a corporation.

The facts, which are mainly undisputed, are briefly these: One W. P. Barry entered into a contract with plaintiff to construct a certain building in the city and county of San Francisco, for which he was to be paid the sum of eight thousand four hundred dollars in installments as the work proceeded according to the terms of his contract. Barry began the work of constructing the building, but after he had proceeded with such work for some time, and had received payments in accordance with the contract aggregating the sum of four thousand five hundred dollars, he abandoned the construction of the building, and formally notified the plaintiff thereof by letter. Thereupon the plaintiff and the representative of the surety company held several conferences, as the result of which the latter wrote the plaintiff a letter reciting the fact of Barry's abandonment of his contract, waiving its right under its bond to assume said contract and complete said building, and consenting and agreeing that the plaintiff might proceed to complete the structure, and in so doing expend such reasonable sums as were necessary according to the plans and specifications, and no more. The United Surety Company also in this letter agreed to allow the plaintiff the sum of five hundred dollars for its services in completing the building, and for the services of its attorney in connection therewith and in the settlement of claims against

it, and further agreed to co-operate with plaintiff and its attorney in the settlement of all such claims for labor and material then filed or thereafter to be filed against the building, on the lowest possible reasonable basis, stipulating that all settlements must be presented to and passed upon and approved by Mr. Nuckolls, the attorney of plaintiff, and Mr. Robinson, the representative of the surety company, it being expressly understood and agreed that in the settlement of such claims for labor and material the surety company should not be held responsible for a sum exceeding one thousand six hundred dollars. Acting upon this letter plaintiff undertook the completion of the building, and, with its said attorney, entered upon the endeavor to adjust the claims of a considerable number of mechanics and materialmen who had filed their claims of lien against the structure. When the time arrived for the adjustment of these claims Mr. Nuckolls, acting as the attorney for the plaintiff, notified Mr. Robinson, the representative of the surety company, that he was ready to adjust said claims, and requested his co-operation, but Mr. Robinson refused to co-operate with Mr. Nuckolls in the adjustment and settlement of said claims, and expressly instructed him "to take any action he might deem proper." Thereupon the plaintiff and Mr. Nuckolls proceeded to adjust, compromise, and settle said claims, expending therefor the sum of two thousand five hundred dollars; and, having completed the structure, the plaintiff rendered a report and account of the same to the United Surety Company, showing the items of its expenditure, and that there was a net deficit of $1057.42, which it required the surety company to pay. This the latter refused to do, and thereupon the plaintiff commenced this action to recover said sum.

The court gave judgment in favor of the plaintiff for the sum of nine hundred and thirty-nine dollars from which judgment the defendant United Surety Company prosecutes this appeal.

The appellant in its brief upon appeal presents a number of points, in which it is contended that the court erred in the admission of evidence and in its findings of fact. When examined these several contentions refine themselves down to the single substantial point that the plaintiff failed to prove that the several claims of mechanics and materialmen which it had compromised and settled were in fact valid liens against the property. The contention of the appellant in this

regard is that the only way in which the claims of such mechanics and materialmen could be established to be valid liens was by their litigation to judgment, and that under its bond it was only required to pay such liens as had thus been judicially determined to be valid.

An examination of the bond given by the appellant will show that it does not go so far, but only requires as a condition of the obligor's liability that the liens, ''by the statutes of the state where the contract is to be performed, are valid liens.'' In addition to this, however, the court is of the opinion that the United Surety Company, in its agreement authorizing the plaintiff to proceed with the completion of the building, and to settle ''all claims for labor or material now filed or hereafter to be filed,'' expressly authorized said plaintiff to make adjustment of all just and legal claims against the property, whether or not they had ripened into actual liens; for the evident desire of the surety company then was to effectuate an adjustment of their liability as quickly and as economically as possible rather than to have prolonged an expensive litigation. The fact that its representatives changed their mind in this regard thereafter cannot rob their earlier agreement of its evident purpose and effect.

In respect to the proofs in the case, we think the evidence offered on the part of the plaintiff shows that the only claims and liens settled by plaintiff or its attorney, acting under the surety company's authorization, were valid claims and liens. The appellant's objection that the claims and liens which the plaintiff and its attorney adjusted and settled, were not first passed upon and approved by the representative of the surety company as its agreement provides, is answered by the plaintiff's proof that when these claims and liens were in shape for such adjustment and settlement the representative of the surety company was notified of that fact, and his co-operation requested, but that he declined to act in the premises, or co-operate in any way in the settlement of the claims, but on the other hand instructed the attorney for the plaintiff to ''take any action he might deem proper.'' This being its attitude then, the appellant cannot now be heard to complain that this portion of its agreement was not carried into effect.

We discover no error in the record. The judgment is affirmed.

Lennon, P. J., and Kerrigan, J., concurred.